DECISION
I. Background
This case arises out of Appellant’s application for the position of Library Aide in 2005. She did not receive the position and sued Respondents alleging discrimination and retaliation. After litigation at the Trial Court (with a stop at the Oneida General Tribal Council), a panel of pro tem judges granted the Tribe’s summary judgment motion on the merits. (The Trial Court also found the Tribe in contempt for the delay and awarded attorney’s fees to the Appellant.) Appellant now appeals claiming the Trial Court was in error by granting the summary judgment motion without hearing from Appellant. We agree and vacate the order of the trial court and remand for further proceedings consistent with this opinion.
We first give a brief history of this case. For a more complete history, see the trial court opinion, Cornelius v. Oneida. Nation Community Library et al., 06-TC-019, (5/9/2008). After some unfavorable court rulings earlier in the year, in December 2006 the Oneida Business Committee passed a resolution instructing tribal departments not to participate in litigation of this case. In July 2007, the Oneida General Tribal Council essentially overruled the Oneida Business Committee’s refusal to participate in the Trial Court proceedings. On August 15, 2007, the Trial Court issued a scheduling order to get the case back on track. The schedule included instructions that Motions were due by August 24, 2007 with a Motions Hearing set for September 7, 2007. There were discovery deadlines in the order and a trial scheduled for October 5, 2007.
On August 23, 2007, Respondents made a motion for all of the judicial officers to recuse themselves from the case. (On August 24, 2007, the Respondents filed a motion for summary judgment as well.) Of the three sitting judicial officers, two recused themselves and one refused. (See Judicial Officer Robert Ckristjohn’s Decision on Respondents’ Motion for Recusal, *397 (9/11/07)). Two pro tem judges were placed on the case on September 12, 2007.
The motions hearing on September 7, 2007 did not take place. The case was in flux due to two new judicial officers and the doubtful status of Judicial Officer Chri-stjohn. The Clerk of Court updated the parties by letter. In a letter dated September 17, 2007, the Clerk of Court wrote to explain to the parties “as soon as all participants have had a chance to review the documents filed in this case to date, the Court will contact the parties when it has determined how this case will proceed.”
Eventually a pro tem judge replaced Judicial Officer Christjohn on October 5, 2007; this is the day the trial was to have taken place under the August 15, 2007 scheduling order. The Clerk of Court sent a letter on October 5, 2007, notifying the parties of Judicial Officer Christjohn’s replacement, the Clerk stated again that as “soon as all participants have had a chance to review the documents filed in this case to date, the Court will contact the parties when it has determined how this case will proceed.”
The next piece of information to go to the parties was the May 9, 2008 written decision of the Trial Court granting the Respondents’ Motion for Summary Judgment.
II Issues
Did the trial court commit a procedural irregularity by granting the motion for summary judgment without the benefit of the Appellant’s arguments?
Ill Analysis
Did the trial court commit a procedural irregularity by granting the motion for summary judgment without the benefit of the Appellant’s arguments?
Yes. The mass replacement of all three judicial officers with pro tem judges disrupted the continuity of the case and may have led to the Trial Court granting the Respondents’ Motion for Summary Judgment without receiving a responsive pleading from Ms. Cornelius. Although Rule 3 of the Rules of Civil Procedure states the opposing party has 15 days to respond to a motion, the exceptional circumstances of the case and the statements from the Clerk of Court could have led a person to think that more communication was coming and that the summary judgment motion was on hold.
On August 24, 2007, Respondents file them summary judgment motion. Per Rule 3, the 15th day fell on Saturday, September 8, meaning the filing would be due the following Monday, September 10. By this time, only one judicial officer had recused himself but had not yet been replaced. Therefore, there were only two judicial officers on the case. The motion for recusal as to the other two judicial officers was still unresolved and the hearing scheduled for September 7 had not taken place.
On September 11, 2007 Judicial Officer Christjohn refused to recuse himself while the second judicial officer filed his notice of recusal on September 12, 2007. On September 12, 2007, two pro tem judicial officers were appointed. On September 17, came the letter from the Clerk explaining the Court would be contacting the parties as to “how this case will proceed.”
The Trial Court should have contacted the parties as promised twice in writing by the Court Clerk on September 17, 2008 and October 5, 2007. Appellant’s attorney would have filed a response to the Respondents’ Motion for Summary Judgment. Although the case was in flux, nothing prevented her from making a filing.
Nevertheless, there is another reason that supports our ruling. Even *398 without the Appellant’s response to the summary judgment motion, the trial court unreasonably found the material facts were not in dispute. The file shows that there were still significant factual issues to be developed. Two items support this conclusion. First, Ms. Cornelius’ October 2006 discovery request was unresolved and the subject of a Motion to Quash by the Oneida Library. The 2006 discovery request contained interrogatories and requests for documents that go to the heart of the case. No ruling was made on the Motion to Quash. With these requests unresolved, it is difficult to see how the facts could not be in dispute.
In addition, on September 7, 2007, Respondents filed an amended affidavit of Mr. Lou Williams. The cover letter with the amended affidavit explained that it came to the attention of Respondents two weeks after their summary judgment filing that a “relevant fact” in Mr. Williams’ affidavit was incorrect. (The incorrect fact was a mistake, not an intentional misrepresentation.) Whether the Court should have accepted the supplemental affidavit two weeks late is neither here nor there, but what it shows is that the facts of this case had not been well developed. At the very least Ms. Cornelius should have an opportunity to argue the summary judgment motion.
These events in combination with the Clerk of Court’s letter stating that the parties would be contacted to determine “how this case will proceed” could have caused a person to wait for that communication. Those words suggest the case was not proceeding as it was supposed to. That is what Appellant did and then the Trial Court’s ruling came.
IV. Decision
We find clearly erroneous the decision of the Trial Court that facts are not in dispute. We stress that we are not passing judgment on the merits of the case. We vacate the decision of the Trial Court and remand this matter for further proceedings consistent with this decision. The first order of business on remand shall be for the Trial Court to set a deadline for Appellant to file a response to the Respondents’ Motion for Summary Judgment. IT IS SO ORDERED.